UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DONALD WHITE,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**HONORABLE SUZANNE S.** )<br>**CHILDERS, BIRMINGHAM FIRE AND** )<br>**RESCUE SERVICE, et al.,** )<br>)<br>    **Defendants.** ) | CASE NO. 2:14-cv-1030-SLB |

## MEMORANDUM OPINION

This case is before the court on defendant Birmingham Fire and Rescue Service's Motion to Dismiss, (Doc. 10),[1] defendant Suzanne S. Childers's Motion to Dismiss, (Doc. 11), plaintiff's Motion to Amend Complaint, (Doc. 16), and plaintiff's Amended Motion to Amend Complaint, (Doc. 17). Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983, seeking declaratory relief and damages for alleged violations of his constitutional rights. (Doc. 1 at 1.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant Suzanne S. Childers's Motion to Dismiss, (Doc. 11), and defendant Birmingham Fire and Rescue Service's Motion to Dismiss, (Doc. 10), are due to be granted, and plaintiff's Motions to Amend Complaint, (Docs. 16 and 17), are due to be denied.

---

[1] Reference to a document number, ("Doc. ___"), refers to the number assigned to each document as it is filed in the court's record.

## I. STANDARD OF REVIEW

A complaint is required to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. To survive a 12(b)(6) motion, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations and footnote omitted). The plaintiff need not prove his case, but must plead "enough facts to state a claim to relief that is *plausible* on its face." *Id.* at 570 (emphasis added).

Additionally, "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). Further, all "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, "'[u]nsupported

conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Therefore, though the court must accept all factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## II.  DISCUSSION

### A. DEFENDANT SUZANNE S. CHILDERS'S MOTION TO DISMISS

Defendant Suzanne S. Childers, a judge presiding in the Circuit Court of Jefferson County, Alabama at the time of the alleged actions giving rise to plaintiff's claims, moves to dismiss all claims against her on the basis of immunity and moves to dismiss that part of plaintiff's Complaint barred by the applicable statute of limitations. (Doc. 11 at 1-2.)

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (quoting *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008)) (internal quotations omitted). Alabama imposes a two-year limitations period, so plaintiff must have brought his claims within two years of the date the limitations period began to run. *See id.* The limitations period begins running when "facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *McNair v. Allen*, 515

F.3d 1168, 1173 (11th Cir. 2008). Plaintiff filed this action on June 1, 2014. (Doc. 1.) To the extent the alleged actions in plaintiff's Complaint occurred before June 1, 2012, claims arising from those actions are time-barred.[2]

Plaintiff alleges that on June 6, 2012, defendant Childers entered a judgment holding him in contempt of court for actions occurring on January 25, 2012. In this Circuit,

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005).

Defendant Childers's alleged conduct occurred in her judicial capacity and related to divorce proceedings over which she had jurisdiction. Therefore, to the extent plaintiff seeks money damages from defendant Childers for this conduct, plaintiff's claims are due to be dismissed based on absolute judicial immunity. Furthermore, to the extent plaintiff is

---

[2] While equitable tolling may prevent a limitations period from beginning to run in "extraordinary circumstances," plaintiff has not alleged any grounds for tolling the statute of limitations, nor do any appear from the pleadings. *See Thomas v. Allred*, Civil Action No. 2:12-cv-227-AKK, 2012 WL 5379179, at *5 (N.D. Ala. Oct. 26, 2012) (citation omitted).

seeking declaratory or injunctive relief, such relief is unavailable under the *Rooker-Feldman* doctrine barring "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Green v. Jefferson County Commission*, 563 F.3d 1243, 1249 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). In any event, plaintiff's claim is moot, given that the Alabama Court of Civil Appeals reversed defendant Childers's June 15, 2012 order holding plaintiff in contempt for actions he took at a proceeding on January 25, 2012. *See White v. White*, 124 So. 3d 734, 738 (Ala. Civ. App. 2013).

The remaining allegation in plaintiff's Complaint[3] states that someone told plaintiff that defendant Childers posted comments about plaintiff's divorce proceedings on her Facebook page. (Doc. 1 at 2.) Plaintiff alleges the comments contained incorrect statements about what occurred during the proceedings, including a statement that plaintiff brandished

---

[3] Plaintiff attempts to raise allegations that are not included in his Complaint in his Response to Defendant[']s Motion to Dismiss. (*See* Doc. 15.) Plaintiff also filed Document 13, styled as an objection to defendant Childers's Motion to Dismiss and a motion to appoint counsel, in which plaintiff attempts to assert additional allegations. The additional "allegations" are not part of the Complaint, and there is no indication that either document is intended as an Amended Complaint. Nevertheless, even if the court were to consider the additional allegations as part of the Complaint, all of the allegations fail to state a claim and/or meet the applicable statute of limitations. For example, plaintiff alleges that paramedics arrived at the courthouse to transport him to a hospital after he began having a heart attack. (Doc. 13 at 1.) Plaintiff alleges that defendant Childers told the paramedics to delay taking plaintiff until she "c[a]me back with a court order ordering [plaintiff] back to court" if he left the hospital and that this delay took thirty minutes. (*Id.*)

The court takes judicial notice of the facts relating to this incident, as stated by the Alabama Court of Civil Appeals in *White v. White*, 124 So. 3d 734 (Ala. Civ. App. 2013). *See* Fed. R. Evid. 201. There, the court stated,

> After one continuance, the trial in this matter began on May 30, 2012; however, the circuit court's order, *entered that same day*, reveals that the husband had informed the court that he became ill after the trial began and that an ambulance was called to transport the husband to a hospital. The circuit court's order required that if the husband was released from the hospital that same day, he was to immediately return to the circuit court and, if not, that the trial would resume on June 6, 2012.

*Id.* at 735 (emphasis added). To the extent plaintiff attempts to state a claim against defendant Childers for depriving plaintiff of medical care, (and regardless of whether that claim is viable), that claim would be barred by the statute of limitations, as plaintiff's allegations relate to events occurring on May 30, 2012, and thus, outside the two-year limitations period.

6

a firearm. (*Id.*) In plaintiff's Response, plaintiff correctly asserts that defendant Childers was not performing judicial duties when she allegedly wrote incorrect statements about plaintiff on Facebook. (Doc. 15 at 2.) Therefore, judicial immunity does not shield defendant Childers from this allegation. However, to the extent plaintiff is attempting to assert a defamation claim, such a claim is not properly brought under § 1983 and the Fourteenth Amendment, given the facts alleged by plaintiff. A mere claim for defamation, absent additional governmental action, does not state a claim under § 1983. *Paul v. Davis*, 424 U.S. 693, 694, 710 (1976). Therefore, plaintiff's alleged claim for defamation, if such a claim was intended, is due to be dismissed for failure to state a claim. Accordingly, all claims against defendant Childers are due to be dismissed.

**B. BIRMINGHAM FIRE AND RESCUE SERVICE'S MOTION TO DISMISS**

Defendant Birmingham Fire and Rescue Service (hereafter "defendant BFRS") moves to dismiss plaintiff's Complaint on the basis that it is not a legal entity subject to suit. (Doc. 10 at 1-2.) "Sheriff's departments and police departments are not usually considered legal entities subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citations omitted). Under Alabama law, a police department is not a suable entity under state law or § 1983. *Seltzer v. Mobile City Police Dept.*, Civil Action No. 07-0383-WS-M, 2008 WL 3852679, at *2 (S.D. Ala. Aug. 6, 2008) (citation omitted). Similarly, defendant BFRS, as a division or department of the City of Birmingham, is not a suable entity, and as such, all claims against defendant BFRS are due to be dismissed.

Defendant BFRS also moves to dismiss claims brought against it for plaintiff's failure to state a claim upon which relief may be granted. The court finds this additional ground for dismissal meritorious. Even assuming plaintiff could sue defendant BFRS, plaintiff failed to state any constitutional deprivation by defendant BFRS. Plaintiff makes no allegations regarding defendant BFRS in his Complaint. (*See* Doc. 1.) Even if the court considered the allegations in Document 13 that paramedics arrived at the courthouse to transport plaintiff to the hospital and delayed his transportation for thirty minutes, as discussed above, those allegations occurred on May 30, 2012, which is outside the two-year limitations period.

Finally, defendant BFRS moves to dismiss plaintiff's claims for lack of proper service. (Doc. 10 at 2.) Fed. R. Civ. P. 4(j)(2) provides, "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Alabama Rule of Civil Procedure 4(c)(8) states that service of process upon a local government must be effected "by serving the chief executive officer or the clerk, or other person designated by appointment or by statute to receive service of process . . . ." Because plaintiff served defendant BFRS directly, plaintiff failed to perfect

service according to the Federal Rules of Civil Procedure. For the foregoing reasons, plaintiff's claims against defendant BFRS are due to be dismissed.[4]

**C. PLAINTIFF'S MOTIONS TO AMEND HIS COMPLAINT**

Plaintiff seeks leave of the court to amend his Complaint to add a party, previously listed as a "Fictitious Defendant," to this action. In both the Motion to Amend Complaint, (Doc. 16), and the Amended Motion to Amend Complaint, (Doc. 17), which are virtually identical, plaintiff states that he wants to add "the true party to this cause of action," but does not identify "the true party" in either Motion, or state any facts supporting a claim against that party. (Doc. 16 at 1; *see also* Doc. 17 at 1.)

Even if plaintiff had identified the party he seeks to add, all claims against that party are time-barred. Plaintiff states he is bringing a motion to amend pursuant to Federal Rule of Civil Procedure 15(a)(2), which governs amendments other than those made as a matter of course. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "[t]he court should freely give leave when justice so requires." However, the issue is not whether the court will grant plaintiff leave to amend, but whether plaintiff *can* amend.

Replacing a fictitious party with a specifically-named defendant is "a change in the parties sued." *Wayne v. Jarvis*, 197 F.3d 1098, 1102-03 (11th Cir. 1999), *overruled on other*

---

[4] Upon a review of the entire record, the court finds that allowing plaintiff to replead his claims against defendant Childers and defendant BFRS would be futile.

*grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). Plaintiff moved to amend his Complaint to replace a fictitious party with a new party on March 3, 2015 and again on March 18, 2015. (Docs. 16 and 17.) Because all of the allegations in plaintiff's Complaint occurred in 2012,[5] plaintiff filed his motion to add the new party after the statute of limitations for plaintiff's claims ran. Therefore, plaintiff's claims against the new party would have to relate back to the original Complaint under Federal Rule of Civil Procedure 15(c) to survive. *Wayne*, 197 F.3d at 1103. However, plaintiff's claims cannot relate back because, in the Eleventh Circuit, replacing a "John Doe" defendant with a real party does not satisfy the requirement that a plaintiff must have made "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *see Wayne*, 197 F.3d at 1103 (stating that the plaintiff's "lack of knowledge regarding the identities of the ["John Doe" defendants] was not 'a mistake concerning the identity of the property party'") (quoting Fed. R. Civ. P. 15)[6]; *Williams v. Grieg Shipping A/S*, 219 F.R.D. 537, 539 (S.D. Ala 2003). Although courts liberally construe the complaints of *pro se* litigants, "[l]iberal construction does not mean liberal deadlines." *Wayne*, 197 F.3d at 1104 (citing *Garvey v. Vaughn*, 993 F.2d 776, 780

---

[5] The court also takes judicial notice of this fact from *White v. White*, 124 So. 3d 734 (Ala. Civ. App. 2013). *White* states the dates of the divorce proceedings over which defendant Childers presided, all of which occurred in 2012. *Id.*

[6] While *Wayne v. Jarvis* refers to Rule 15(c)(3), which is the previous version of Rule 15(c)(1)(C), there are no substantive differences in the two versions of the Rule and the difference is wording is minimal.

(11th Cir. 1993)). Therefore, plaintiff's Motions to Amend are due to be denied, and all claims against "Fictitious Defendants A-F" are due to be dismissed with prejudice.

### III.  CONCLUSION

For the foregoing reasons, defendant Suzanne S. Childers's Motion to Dismiss, (Doc. 11), and defendant Birmingham Fire and Rescue Service's Motion to Dismiss, (Doc. 10), are due to be granted, and plaintiff's Motions to Amend his Complaint, (Docs. 16 and 17), are due to be denied. This case is due to be dismissed with prejudice. An order in accordance will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 17th day of August, 2015.

*[Signature: Sharon Lovelace Blackburn]*
SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE